UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA HOPSON,<br><br>        Plaintiff,<br><br>    v.<br><br>SUKH C. SINGH, as an individual, as doing business as "Tokay Shell", and as Trustee for the Sukh C. Singh 2006 Family Trust, PERMINDER K. SINGH, as an individual, and doing business as "Tokay Shell", and Trustee for the Sukh C. Singh 2006 Family Trust, and DOES 1-10, inclusive,<br><br>        Defendants. | No. 2:16-cv-3014-TLN-EFB<br><br><br>FINDINGS AND RECOMMENDATIONS |

This case is before the court on plaintiff Cynthia Hopson's motion for default judgment against defendants Sukh Singh and Perminder Singh.[1] ECF No. 15. For the reasons stated below, the motion should be granted.[2]

/////

/////

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(19). *See* 28 U.S.C. § 636(b)(1).

[2] Because oral argument would not have materially assist in the resolution of plaintiff's motion, the matter was ordered submitted on the briefs, ECF No. 18. *See* E.D. Cal. L.R. 230(g).

1

I. Background

Plaintiff filed this action against defendants Sukh Singh and Perminder Singh, alleging defendants violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, the California Unruh Civil Rights Act ("Unruh Act"), and the California Disabled Persons Act ("CDPA"). Compl. (ECF No. 1). The docket reflects that defendants were served with a copy of the summons and complaint on March 8, 2017. ECF Nos. 4, 5. Despite being properly served, defendants have not responded to the complaint. Plaintiff requested entry of defendants' default, which the clerk entered on October 26, 2017. ECF Nos. 7, 9. Plaintiff now moves for default judgment on her ADA and Unruh Act claims. ECF No. 8. She seeks $4,000 in statutory damages under the Unruh Act, as well as injunctive relief and attorneys' fees and costs. *Id*.

According to the complaint, plaintiff is disabled due to her medical conditions, which include Systemic Lupus Erythematosus, Spinal Stenosis, Osteoarthritis, and Osteoporosis. *Id.* at 1 ¶ 1. She relies on the use of a mobility scooter to complete daily activities. *Id.* ¶ 6. Defendants own and operate a gas station located at 420 West Kettleman Lane, Lodi, CA, 95240. *Id.* ¶ 7. The gas station is a place of public accommodation. *Id*. ¶ 21. In 2016, plaintiff went to the gas station to shop and use its services. *Id*. ¶ 14. During the visit, she discovered that the designated disabled parking stall and its corresponding access aisle had a steep and improper slope in violation of the ADA. *Id.* ¶ 16. *See* 2010 ADA Accessibility Guidelines, § 502.4 (requiring parking spaces and access aisles to not have surface slopes exceeding 1:48 ratio, or 2.08 percent).

Plaintiff now moves for default judgment, seeking $4,000 in statutory damages under the Unruh Act, as well as injunctive relief and attorney's fees and costs. ECF No. 15.

II. Discussion

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies

2

within the district court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted). However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). A party's default conclusively establishes that party's liability, although it does not establish the amount of damages. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (stating that although a default established liability, it did not establish the extent of the damages).

A. <u>Americans with Disabilities Act</u>

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." *Id.* § 12182(b)(2)(A)(iv). Under the ADA, the term readily achievable means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

3

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [she] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Further, "[t]o succeed on a ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Parr v. L & L Drive–Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).

Here, the complaint alleges that plaintiff is an individual with a disability, defendants are the owners and operators of the gas station, and that defendants denied plaintiff public accommodation because the gas station's parking did not have an accessible access aisle leading to the store entrance. ECF No. 1 ¶¶ 1, 7, 14, 16, 61; *see also* Decl. of Jason Vaughan (ECF No. 15-3) ¶ 8. Plaintiff further alleges that removal of that architectural barrier is readily achievable. ECF No. 1 ¶ 18. Accepting these allegations as true, the merits of plaintiff's ADA claim and the sufficiency of the complaint weigh in favor of default judgment.

Furthermore, many of the remaining *Eitel* factors weigh in favor of granting plaintiff's application for default judgment. Defendants were properly served a copy of the summons and complaint (ECF Nos. 4 & 5), and plaintiff also served defendants with a copy of the instant motion. ECF Nos. 16 & 17. Thus, it appears that defendants' failure to respond is not due to excusable neglect. The sum of money at stake is relatively small and, when accepting plaintiff's allegations as true, there is little possibility of a dispute concerning material facts. *See, e.g., Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); *accord Philip Morris USA, Inc., 219 F.R.D. at 500*; *Cal. Sec. Cans*, 238 F. Supp. 2d at 1177. Furthermore, plaintiff would potentially face prejudice if the court did not enter default judgment as defendants have failed to respond to plaintiff's claim, and without the entry of default judgement plaintiff

4

will not be able to address her claims.  Although there is a strong policy in deciding cases on the merits, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.  *Cal. Sec. Cans*, 238 F. Supp. 2d at 1177; *see Craigslist, Inc. v. Naturemarket, Inc.*, 2010 WL 807446, at *16 (N.D. Cal. Mar. 5, 2010); *ACS Recovery Servs., Inc. v. Kaplan*, 2010 WL 144816, at *7 (N.D. Cal. Jan. 11, 2010); *Hartung v. J.D. Byrider, Inc.*, 2009 WL 1876690, at *5 (E.D. Cal. June 26, 2009).

Accordingly, plaintiff is entitled to default judgment on her ADA claim against defendants.

### B. Unruh Civil Rights Act

The Unruh Civil Rights Act provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."  Cal. Civ. Code § 51(b).  The Unruh Act permits statutory damages in the amount of $4,000 for each occasion the plaintiff is denied equal access.  Cal. Civ. Code § 52(a).  Significantly, any violation of the ADA necessarily constitutes a violation of the Unruh Civil Rights Act.  Cal. Civ. Code § 51(f); *see also Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 664 (2009).

Plaintiff's Unruh Act claim is based on defendants' alleged violation of the ADA.  ECF No. 1 ¶¶ 31-33.  Accordingly, plaintiff is entitled to the $4,000 in statutory damages she seeks for defendants' violation of the Unruh Act.

## III. Fees and Costs

Plaintiff also requests attorney's fees, expert witness fees, and costs for service and court filing fees.  ECF No. 15 at 3-4.

### A. Attorney's Fees

With respect to attorney's fees, plaintiff seeks a total award of $3,587.50 based on 10.25 hours at an hourly rate of $350 for work performed by her attorney, Daniel Malakauskas.  ECF

1  No. 15-5 ¶ 6; ECF No. 15-13. As addressed below, both the number of hours expended by
2  counsel in handling this case and the requested hourly rate are excessive and will be lowered.
3  　　　　In determining the reasonableness of attorneys' fees, the Ninth Circuit uses the lodestar
4  method. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). In applying the
5  lodestar method, "a district court must start by determining how many hours were reasonably
6  expended on the litigation, and then multiply those hours by the prevailing local rate for an
7  attorney of the skill required to perform the litigation." *Id*. "[E]xcessive, redundant, or otherwise
8  unnecessary" hours should be excluded from a fee award, and charges that are not properly
9  billable to a client are not properly billable to one's adversary. *Hensley v. Eckerhart*, 461 U.S.
10 424, 434 (1983). Accordingly, where counsel performs unnecessarily duplicative work, the court
11 may reduce the hours. *Moreno*, 534 F.3d at 1113.
12 　　　　Review of the record reflects that counsel performed 1.85 hours that were duplicative or,
13 at the very least, unnecessarily occasioned due to counsel's failure to diligently prosecute this
14 case. Plaintiff filed this action on December 24, 2016 (ECF No. 1), and the defendants were
15 served on March 30, 2017 (ECF Nos. 4, 5). Over the subsequent six months, the case sat dormant
16 with no further action taken by plaintiff. Consequently, plaintiff was ordered to show cause, by
17 no later than October 26, 2017, why this action should not be dismissed for failure to prosecute.
18 ECF No. 6. In response, plaintiff's counsel apologized for the tardiness and requested the action
19 not be dismissed because he had filed a request for entry of default on October 25, 2017 and had
20 prepared a motion for default judgment. ECF No. 8. Counsel further stated that "[o]nce the court
21 grants the entry of default, I will file and cause the Defendants to be served with the" motion for
22 default judgment and supporting exhibits." *Id*. at 2. In support of those representations, counsel
23 submitted as an exhibit a copy of the motion for default judgment he drafted, as well as the
24 motion's supporting documents.[3] ECF No. 8-1.
25 　　　　Defendants' default was entered on October 26, 2017, but counsel, contrary to the earlier
26 representation, did not file the prepared motion for default judgment. Instead, counsel did not

---

[3] In light of counsel's representations, the order to show cause was discharged. ECF No. 12.

6

move for default judgment until over a year later, and only after the court directed plaintiff to file either a motion for default judgment or a declaration as to the status of the case. ECF Nos. 13 & 15. Counsel now seeks compensation for 1.85 hours of work performed from March to December 2018. The tasks include: having conversations with an expert who, at counsel's request, performed two additional site inspection of defendants' property[4]; reviewing the order directing plaintiff to file a motion for default judgment or a declaration as to the status of the case; and reviewing and editing the motion for default judgment and its exhibits. None of these tasks would have been necessary if counsel would have followed through with his representation that the prepared motion for default judgment would be filed upon entry of the defendants' default. Reviewing and responding to orders to show cause would have been unnecessary for obvious reasons. The time counsel spent communicating with the expert about the second and third inspections would also have been unnecessary; indeed, counsel has not provided any explain as to why the initial site inspection was inadequate to support the instant motion. *Hensley*, 461 U.S. at 437 ("A fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended . . . ."). Accordingly, plaintiff's counsel is not entitled to fees for the 1.85 hours counsel worked on this case after the submission of the prepared motion for default judgment.

    Billing records also reflect double billing for the same task. Counsel's billing statement contains two entries for work performed on February 23, 2017, each for 1.10 hours. ECF No. 15-13 at 2. Both entries are for researching the defendants' whereabouts, discussing the case with a process server, and preparing and sending documents to the process server. *Id.* While the duplicate entry may have been inadvertent, clearly counsel may not bill twice for the same task. *Ass'n of Cal. Water Agencies v. Evans*, 386 F.3d 879, 887 (9th Cir. 2004). Accordingly, a reduction of an additional 1.10 hours is appropriate.

/////

---

[4] An initial site inspection site inspection was conducted in October 2017, the same month counsel submitted a copy of the motion for default judgment he was prepared to file. ECF No. 15-12 at 2.

The hourly rate requested of $350 is also excessive for this district given counsel's experience. Counsel represents that he has been practicing law for over nine years and has represented clients in over 325 ADA cases. ECF No. 15-5 ¶ 7. But the hourly rate he seeks is reserved for attorneys with greater experience. *See, e.g., Trujillo v. Singh*, No. 1:16-cv-01640-LJO-EPG, 2017 WL 1831941, at *3 (E.D. Cal. May 8, 2017) (attorneys performing ADA work who make $300 an hour should have over 15 years of experience in the field); *see also Gonzalez v. City Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013) (reasonable hourly rate should be based on the prevailing rate of the forum district). A court in this district recently found that a reasonable hourly rate for Mr. Malakauskas is $275 per hour. *Cervantes v. Vargas*, No. 1:17-cv-00923-LJO-SKO, 2018 WL 2455615, at *7 (E.D. Cal. June 1, 2018). The court concurs with the analysis in *Cervantes* and adopts that rate as reasonable for this case.

Accordingly, plaintiff is entitled to attorney's fees in the amount of $2,007.50 based on 7.3 hours of work performed by counsel at an hourly rate of $275.

B. Expenses and Costs

Plaintiff also seeks to recover costs and expert witness fees. Specifically, he seeks $400 for the court's filing fees, $200 for the cost of serving defendants, and $2,162.50 in expert witness fees paid to plaintiff's investigator, Jason Vaughan. ECF No. 15-5 ¶¶ 3-5; ECF No. 15-11. Under the ADA, a district court has discretion to award reasonable litigation expenses and costs, including expert witness fees. 42 U.S.C. § 12205; *Lovell v. Chandler*, 303 F.3d 1039, 1058-59 (9th Cir. 2002) (the term "litigation expenses" in § 12205 includes expert witness fees). The prevailing party bears the burden of demonstrating that the costs and expenses sought are reasonable. *See Johnson v. Yates*, No. 2:14-cv-1189-TLN-EFB, 2017 WL 3438737, at *3 (E.D. Cal. Aug. 10, 2017) (finding that "billing $200 for an ambiguous 'investigation' without providing supporting documents" was unreasonable); *Johnson v. Saleh*, 2:16-cv-00617-JAM-KJN, 2018 WL 1157494, at *3 (E.D. Cal. Mar. 5, 2018) (denying request for service and investigator because "the Court ha[d] no basis upon which to judge whether these costs were reasonably incurred" due to plaintiff's failure to submit billing statements).

/////

The court finds the $600 in filing and service fees are reasonable. Plaintiff, however, has failed to demonstrate that the $2,162.50 in expert witness fees are reasonable. The invoice for these fees reflects that they were incurred in relation to three site inspections performed at defendants' property, as well as the preparation of an expert declaration for each inspection. ECF No. 15-12 at 2. Plaintiff seeks a flat rate of $1,000 for the first inspection and drafting the corresponding declaration. ECF No. 15-2 at 2. But the invoice does not specify how much time her expert spent completing those tasks. As a result, the court is unable to determine whether the $1,000 fee is reasonable. As for the remaining two site inspection, for which plaintiff seeks a total of $1,162.50 in expert fees, plaintiff has not shown that they were necessary.

Fundamentally, plaintiff provides no explanation for why three separate site inspections were needed to litigate this case. Even assuming that a recent inspection was needed to support the instant motion for summary judgment, awarding fees for the two additional inspections is unreasonable given the circumstances of this case. As noted, counsel had drafted a motion for default judgment that was ready to file upon the entry of defendants' default on October 26, 2017. *See* ECF No. 8-1. The first site inspection was performed just days before counsel submitted his draft of the motion for default judgment, which included a declaration from plaintiff's expert. ECF No. 8-1 at 19-21. But counsel did not file the motion at that time, instead waiting over a year to move for default judgment. During that delay, two more site inspections were performed at counsel's request, one in April 2018 and the other in December 2018. Neither would have been needed had counsel followed through with his representation to this court that he would file the prepared motion for default judgment upon entry of defendants' default. Accordingly, plaintiff is not entitled to the requested expert witness fees.

III. Conclusion

For the reasons state above, it is hereby RECOMMENDED that:

1. Plaintiff's application for default judgment (ECF No. 15) be granted.

2. Plaintiff be awarded statutory damages in the amount of $4,000.

/////

/////

9

3. Plaintiff be granted an injunction requiring defendants Sukh C. Singh and Perminder K. Singh to provide an accessible parking facility in compliance with the Americans with Disabilities Act Accessibility Guidelines.

4. Plaintiff be awarded $600 in costs and $2,007.50 in attorney's fees, for a total award for fees and cost of $2,607.50.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 10, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE